**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JEREMY D. SOUTH, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 17-13387 (FLW) (LHG) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**FREDA L. WOLFSON, U.S.D.J.**

Plaintiff *pro se*, Jeremy D. South ("South" or "Plaintiff), a state prisoner presently incarcerated at South Woods State Prison, in Bridgeton, New Jersey, filed a Complaint alleging claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act. (ECF No. 1.) The Court initially terminated the action, as the Complaint was accompanied by a defective application to proceed *in forma pauperis*. (ECF No. 3.) South subsequently filed a proper *in forma pauperis* application. (ECF No. 5.)

On October 31, 2018, the Court screened the Complaint under 28 U.S.C. §§ 1915(e) and 1915A, and dismissed it without prejudice for failure to state a claim upon which relief could be granted.[1] (ECF Nos. 6 & 7.) The Complaint's dismissal resulted from, among other problems, South's failure to plead that any defendant had shown deliberate indifference to his medical conditions. (*See* ECF No. 6 at 8–11.) Indeed, the Court noted that "defendants did, in fact, provide significant medical care to South," and that South had not alleged "that defendants refused to treat [him], prevented him from receiving the care required or delayed treatment in

---

[1] The Court additionally dismissed claims against the defendants in their official capacities *with* prejudice. (*See* ECF Nos. 6 & 7.)

such a way that exacerbated his medical condition." (*Id.* at 10.) South was given leave to submit a proposed amended complaint to cure the Complaint's deficiencies within thirty days. (ECF No. 7.)

On February 4, 2019, the Court received a letter from South inquiring as to the status of his action and indicating that he had mailed the Court an amended complaint on November 20, 2018. (ECF No. 8.) As the Court had not received any Amended Complaint, South was provided another 30 days to re-submit that pleading accompanied by proof that he had originally mailed it within the 30-day period permitted. (ECF No. 9.)

South thereafter resubmitted his November 20, 2018 filing, along with a postage remit bearing the same date. (*See* ECF No. 10 at 4–5.) What South describes as his "first amended complaint," is a one-page letter in which he indicates that he is "requesting that the above-captioned matter be dismissed, without prejudice." (ECF No. 10 at 4.) Among the reasons given for requesting dismissal of the action is the fact that South underwent additional surgery after filing the Complaint and "[i]t is too early to determine whether or not the recent surgery has corrected the medical issues that were raised in [his] initial complaint." (*Id.*) South also contends that "[d]ismissal of this matter at this time, without prejudice, will result in little, if any, prejudice to the named defendants." (*Id.*)

Somewhat confusingly, the three-page cover letter accompanying this filing seems to indicate a desire to continue litigating this action.[2] (*See* ECF No. 10 at 1–3.) South alleges that his second surgery did not improve his symptoms and, if anything, aggravated them. (*Id.* at 1–2.) South divides his grievance into three categories: (1) the original misdiagnosis of his

---

[2] In the concluding paragraph, South describes it as a "letter-motion in lieu of amended pleading to proceed in a complaint towards defendants that w[]ere dismissed without prejudice." (ECF No. 10 at 3.)

condition, resulting in unnecessary surgery; (2) the pain and discomfort caused by subsequent procedures; and (3) the ultimate failure to remedy his original symptoms. (*Id.* at 2.)

South also submitted an additional follow-up letter in which he reports that his symptoms are continuing and that he has not recovered from surgery as quickly as doctors said he would. (ECF No. 11.) He seems to request court leave to obtain a second opinion regarding his condition. (*Id.*)

It is somewhat ambiguous from these submissions whether South seeks to continue this action or to voluntarily withdraw it. Regardless of his intent, however, it is clear that South has not met the conditions for reopening set in the Court's October 31, 2018, Order—specifically, he has not submitted a proposed amended complaint that addresses the deficiencies that resulted in the dismissal of the original Complaint. (*See* ECF No. 7.) Even if South's allegations in his recent letters formed part of a proposed amended complaint, they do not correct the original deficiencies, but, instead, seek to raise new factual allegations regarding subsequent events. (*See* ECF Nos. 10–11.) Furthermore, South has still not included any factual allegations to suggest that defendants refused to treat him or otherwise prevented or unduly delayed treatment. (See ECF Nos. 10–11.) Accordingly, to the extent that South seeks voluntary dismissal of his action, that request is granted, and, to the extent South seeks to amend his Complaint, that request is denied. As to South's requests in his most recent letter, (ECF No. 11), it is the role of this Court to determine what medical treatment South can or should receive.


DATED: April 30, 2019                                    /s/ Freda L. Wolfson
                                                          FREDA L. WOLFSON
                                                          United States District Judge