UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEREMY D. SOUTH, | : | |
| Plaintiff, | : | Civ. No. 17-13387 (FLW) (LHG) |
| v. | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

THIS MATTER having been opened to the Court by way of an application to proceed *in forma pauperis* and a motion to submit an Amended Complaint, ECF Nos. 16, 17, by pro se plaintiff Jeremy D. South ("Plaintiff"); the Court, having considered Plaintiff's submissions, makes the following findings:

1.  On December 20, 2017, Plaintiff filed an application with the Court to proceed *in forma pauperis* without prepayment of fees or costs (hereinafter, an "IFP application"), accompanied by a proposed complaint and a request for appointment of pro bono counsel. ECF No. 1.

2.  On January 8, 2018, the Court entered an Order denying Plaintiff's IFP application and directing the Clerk of the Court to administratively terminate the case, because Plaintiff had failed to provide a prison account statement that complied with the requirements of 28 U.S.C. 1915(a)(2). ECF No. 3.

3.  On March 5, 2018, the Court received a letter from Plaintiff with a request to reopen the case, accompanied by a new IFP application and a proposed complaint. ECF No. 5. The Court granted Plaintiff's IFP application and proceeded to screen Plaintiff's proposed complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

1

4.        On October 31, 2018, the Court entered an Order dismissing Plaintiff's complaint for failure to state a claim on which relief could be granted.  In its Order, the Court notified Plaintiff that he could "submit a proposed amended complaint within thirty (30) days from the date this Order is entered which addresses the deficiencies of the complaint only with respect to those claims dismissed without prejudice." ECF No. 7. The Court further instructed Plaintiff that he could "not amend the complaint as to those claims dismissed with prejudice." *Id.*

5.        On February 4, 2019, the Court received a letter from Plaintiff inquiring into the status of his case.  ECF  No. 8.  Plaintiff indicated in his letter that he had mailed an amended complaint to the Court on November 20, 2018.  *Id.*

6.        On February 7, 2019, the Court entered an Order indicating that it had no record of receiving Plaintiff's amended complaint.  ECF No. 9.  In its Order, the Court advised Plaintiff that he could resubmit his amended complaint, along with proof of mailing.  *Id.*

7.        On February 19, 2019, the Court received a letter from Plaintiff attaching a one-page document that Plaintiff described as his "first amended complaint." ECF No. 10.  In that same letter, Plaintiff indicated (somewhat confusingly) that he was "requesting that the above-captioned matter be dismissed, without prejudice." *Id*.  Subsequently, on April 15, 2019, Plaintiff submitted a follow-up letter to the Court, in which he appeared to be requesting leave to seek medical treatment.  ECF No. 11.

8.        On April 30, 2019, the Court issued an Opinion acknowledging that Plaintiff's requests in his letter dated February 19, 2019, were ambiguous about whether he sought to voluntarily withdraw his complaint or to continue to litigate the action.  ECF No. 12.  However, the Court found that, regardless of Plaintiff's intentions, Plaintiff had failed to submit an amended complaint that complied with the conditions set forth in the Court's Order dated October 31,

2

2018. *Id.* On the same date, the Court entered an Order dismissing Plaintiff's complaint without prejudice, based on both Plaintiff's request for voluntary dismissal and his failure to submit an amended complaint within the time period specified in the Court's prior orders. ECF No. 13.

9. On February 21, 2020, the Court received a letter from Plaintiff, in which he appeared to be requesting appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) and guidance from the Court on how to proceed with pursuing his case. ECF No. 14. Plaintiff stated in the letter that he is "writing . . . to provide [the Court] with some arguments and some concerns within [his] case." *Id.* Plaintiff further stated that he is "not able to properly proceed with this matter because [he is] not aware of all the laws and process of this." *Id.*

10. On February 28, 2020, the Court denied Plaintiff's request for pro bono counsel and provided Plaintiff with leave to submit a new IFP application and complaint <u>in a new action</u>. The Court also declined to make any advance determinations about the timeliness of Plaintiff's Complaint. ECF No. 15. The Court also noted that, to the extent that Plaintiff's letter dated February 21, 2019, could be construed as a motion for relief from a final judgment under Fed. R. Civ. P. 60(b), Plaintiff had offered no reasons in his letter for providing such relief. *See Garland v. Malinich*, 181 F. App'x 276, 278 (3d Cir. 2006) (affirming denial of Rule 60(b) motion where the movant "offer[ed] no justification . . . to grant his motion"). *See id.*

11. Plaintiff did not file a new action. Instead, nearly a year later, on February 26, 2021, Plaintiff filed a new IFP application (without a complaint), and the text of Plaintiff's proposed order lists the docket number for this action. ECF No. 16. The Court, however, did not provide leave for Plaintiff to submit a new IFP in this closed action. Instead, the Court provided leave for Plaintiff to file <u>a new action</u>, including an IFP application or the filing fee. As such, the IFP application, ECF No. 16, is DENIED as improperly filed in this closed case.

12.     Most recently, on April 4, 2022, Plaintiff submitted a motion for leave to submit an Amended Complaint in this action.  *See* ECF No. 17.  As the Court stated in its prior Order dated February 28, 2020, Plaintiff may not reopen this matter at this late date and amend the 2017 Complaint in this action.  Instead, Plaintiff may file a new Complaint and new IFP action in federal court if he so chooses.[1]  Any new Complaint will be assigned a new docket number by the Clerk's Office.  Therefore, if Plaintiff submits a new IFP application and complaint, he should not list this action as the docket number.  The Court makes no determinations about the timeliness of any claims Plaintiff seeks to bring in that new action.  For the reasons previously set forth by the Court, Plaintiff's motion for leave to amend his Complaint in this action is DENIED.

**IT IS THEREFORE**, on this 5th day of April 2022,

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN so the Court may address Plaintiff's filings; and it is further

**ORDERED** that Plaintiff's IFP application, ECF No. 16, is DENIED as improperly filed in this closed case; and it is further

**ORDERED** that Plaintiff's motion for leave to submit an Amended Complaint, ECF No. 17, is likewise DENIED for the reasons stated herein and in the Court's Order dated February 28, 2020; and it is further

**ORDERED** that Plaintiff is free to file a new Complaint and IFP application in a separate action in federal court to the extent he so chooses; and it is further

---

[1] If Plaintiff has reasons he delayed in filing a new complaint, such as restrictions related to the COVID-19 pandemic, he may include those reasons in his new complaint.

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and CLOSE this matter accordingly.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge
